Matter of Ebel (2025 NY Slip Op 06059)

Matter of Ebel

2025 NY Slip Op 06059

Decided on November 5, 2025

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
BETSY BARROS
FRANCESCA E. CONNOLLY
JANICE A. TAYLOR, JJ.

2022-09617

[*1]In the Matter of John Joseph Ebel, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; John Joseph Ebel, respondent. (Attorney Registration No. 4117214)

DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Tenth Judicial District. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on April 9, 2003.

Catherine A. Sheridan, Hauppauge, NY (Michele Filosa of counsel), for petitioner.
John Joseph Ebel, East Hampton, NY, respondent pro se.

PER CURIAM.

OPINION & ORDER
The Grievance Committee for the Tenth Judicial District served the
respondent with a notice of petition and a verified petition, both dated November 15, 2022, containing two charges of professional misconduct. The respondent served and filed an amended verified answer dated February 18, 2023, largely admitting to the factual allegations in the petition but denying the conclusions of law therein. Thereafter, on March 2, 2023, the Grievance Committee filed a statement of disputed and undisputed facts, which was unchallenged by the respondent. By order dated September 26, 2023, this matter was referred to the Honorable Charles J. Thomas, as Special Referee, pursuant to 22 NYCRR 1240.8(b)(1), to hear and report. A disciplinary hearing was conducted on November 17, 2023. By report dated February 9, 2024, the Special Referee sustained both charges in the petition. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as this Court deems just and proper.
The Petition 
Charges one and two in the petition are based on the same set of facts. On or about May 16, 2018, the respondent was retained by Daniel Cebulski, Richard Cebulski, and David Cebulski (hereinafter collectively the Cebulskis) to handle a legal matter on their behalf. In or about August 2019, the Cebulskis terminated the respondent's legal representation. In or about January 2020, the Cebulskis sought a fee dispute arbitration pursuant to the New York State Fee Dispute Resolution Program, in accordance with the Rules of the Chief Administrator of the Courts, Part 137, at the Suffolk County Bar Association. By arbitration award dated January 22, 2020, a $17,000 award was issued in favor of the Cebulskis and against the respondent. The notice of arbitration award dated January 23, 2020, provided that the determination was final and binding on the parties, except that a dissatisfied party could seek a trial de novo or move to vacate the award within the prescribed time. The respondent neither sought a trial de novo nor moved to vacate the award. As of the date of the verified petition, the respondent failed to satisfy the arbitration award.
Based on the above, charge one in the petition alleges that the respondent engaged in conduct prejudicial to the administration of justice, and charge two alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of rule 8.4(d) and (h), respectively, of the Rules of Professional Conduct (22 NYCRR 1200.0).
The respondent submitted an amended verified answer, dated February 18, 2023, largely admitting to the factual allegations in the petition but denying the conclusions of law.
The Hearing Record 
During a hearing before the Special Referee on November 17, 2023, the respondent testified that he represented the Cebulskis, his neighbors, in a partition action, during which the clients would not accept the result of the appraisals done on the subject property. The respondent testified that the Cebulskis sought to obtain $1.5 million for the partition of the property, but that based on the appraisals and market rate, that amount was unattainable. The Cebulskis were dissatisfied with this and continued to call and question the respondent while he was at home. The respondent had an hourly fee arrangement with the Cebulskis but admitted that he did not keep records of all the billable time related to the matter. Although the respondent disputes the fee arbitration award, he does not seek to challenge it. The respondent testified that he sought to enter into a payment schedule with the Cebulskis, which they rejected. The respondent reiterated that he offered the Cebulskis a sum certain, which was not accepted, and that he has fulfilled his ethical obligations by his willingness to enter into a payment schedule for the arbitration award. In mitigation, the respondent submits that he has a daughter entering medical school whom he is financially assisting and that the loss or suspension of his license would have a devastating effect on his family.
On cross-examination, the respondent admitted that an arbitration award was issued in favor of the Cebulskis and against him in the amount of $17,000, and the award stated that the "attorney failed to maintain and provide monthly billing records despite repeated written requests by clients and expressed obligation in retainer agreement to do so. Attorney had no contemporaneous bills or records and was unable to demonstrate and substantiate amounts claimed due. Ambiguous, questionable and after-the-fact documents prepared by attorney were insufficient to support reported bills provided after being terminated."
The respondent neither moved to vacate the arbitration award nor sought a trial de novo. As of November 17, 2023, the respondent had not satisfied the arbitration award.
The Special Referee's Report 
In a report dated February 9, 2024, the Special Referee sustained both charges in the petition. The Special Referee found that the respondent, who was 70 years old at the time of the hearing, acknowledged his conduct and is fully remorseful and understanding that he faces sanctions.
By notice of motion and affirmation dated March 14, 2024, the Grievance Committee now moves to confirm the report of the Special Referee, which sustained all charges of professional misconduct against the respondent, and to impose such discipline upon the respondent as this Court may deem just and proper. The respondent does not submit any papers in response to the Grievance Committee's motion.
Findings and Conclusion 
In view of the respondent's admissions and the evidence adduced at the hearing, we find that the Special Referee properly sustained both charges. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted. In determining an appropriate measure of discipline, we considered the respondent's failure to honor his obligation and pay the duly issued award, as well as the mitigation presented.
Under the totality of the circumstances, we find that the respondent's conduct warrants his suspension from the practice of law for a period of six months.
LASALLE, P.J., DILLON, BARROS, CONNOLLY, AND TAYLOR, JJ., concur.
ORDERED that the Grievance Committee's motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent, John Joseph Ebel, is suspended from the practice of law for a period of six months, commencing December 5, 2025, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than May 5, 2026. In such application (see id. §§ 691.11, 1240.16), the respondent shall furnish satisfactory proof that during the period of suspension he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15), and (3) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, John Joseph Ebel, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see id. ); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, John Joseph Ebel, shall desist and refrain from (l) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, John Joseph Ebel, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
LASALLE, P.J., DILLON, BARROS, CONNOLLY and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court